UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| APPLIED UNDERWRITERS INC., et al | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:10-cv-00378-JAW ) |
| COMBINED MANAGEMENT INC. | ) ) |
| Defendant. | ) |

**ORDER ON MOTIONS TO DISMISS**

A workers' compensation insurance company sued its former customer for payment of an additional premium based on incurred losses. The customer moves to dismiss the amended complaint based on statute of limitations and statute of frauds grounds. The Court denies the motion. Regarding the statute of limitations, the Court concludes that the record contains evidence that the Plaintiff provided insurance coverage for the Defendant on the premise that the premium would be recalculated to reflect actual loss experience and that the final recalculation took place within the six year statute of limitations period. Regarding the statute of frauds, the Court concludes that the record contains sufficient writings to comply with the statute of frauds and, in any event, the parties, including the Defendant, partially performed the contract so as to avoid dismissal.

# I. STATEMENT OF FACTS

## A. Procedural Background

On August 17, 2010, Applied Underwriters, Inc. and its subsidiary, Applied Risk Services, Inc. (collectively "AUI"),[1] filed a complaint in state of Maine District Court against Combined Management, Incorporated (CMI) alleging that AUI entered into a contract to provide CMI with workers' compensation insurance, that AUI actually provided workers' compensation coverage to CMI, that the contract contained a profit sharing provision under which the parties agreed to share profits and losses generated by the workers' compensation policies, and that CMI owes AUI $278,901.48 for its share of incurred losses. *Notice of Removal* (Docket # 1) Attach. 1 ¶ 8. (*Compl.*). On September 8, 2009, CMI removed the case to this Court pursuant to 28 U.S.C. § 1332. *Notice of Removal* at 1–3. On the same day, CMI moved to dismiss the Complaint. *Def. Combined Mgmt. Inc.'s Mot. to Dismiss* (Docket # 5) (*Def.'s Mot.*). On September 28, 2010, AUI filed an amended complaint and a response in opposition to the motion to dismiss. *Am. Verified Compl.* (Docket # 10) (*Am. Compl.*); *Pls.' Opp'n to Def.'s Mot. to Dismiss* (Docket # 11) (*Pls.' Opp'n*). CMI replied on October 12, 2010. *Def. Combined Mgmt. Inc.'s Reply to Pl.'s Opp'n to Mot. to Dismiss* (Docket # 12) (*Def.'s Reply*).

On December 6, 2010, CMI moved to dismiss the amended complaint. *Def. Combined Mgmt. Inc.'s Mot. to Dismiss Pls.' Am. Compl.* (Docket # 14) (*Def.'s Am. Mot.*). On December 23, 2010, AUI responded. *Pls.' Opp'n to Def. Combined Mgmt.*

---

[1] As the legal issues in this case do not turn on Applied Risk Services, Inc.'s status as a subsidiary, the Court refers to AUI only throughout this opinion.

*Inc.'s Mot. to Dismiss Pls.' Am. Compl.* (Docket # 15) (*Pls.' Am. Opp'n*). On January 6, 2011, CMI replied. *Def. Combined Mgmt. Inc.'s Reply to Pls.' Opp'n to Mot. to Dismiss Pl.'s Am. Compl.* (Docket # 16) (*Def.'s Am. Reply*).

### B.    The Amended Complaint[2]

Applied Underwriters, Inc. is a California corporation with a principal place of business in Omaha, Nebraska.[3] *Am. Compl.* ¶ 1. CMI is a Maine corporation with a principal place of business in Lewiston, Maine. *Id.* ¶ 3. AUI and CMI entered into a written contract under which AUI agreed to provide CMI with workers' compensation insurance from March 29, 2002, through March 29, 2003; the parties extended the contract to May 2, 2003. *Id.* ¶ 4. The contract contained a profit sharing component under which CMI agreed to participate in profits and losses generated by the workers' compensation policies. *Id.* ¶ 6. The profit-loss sharing portion of the contract extended until all claims covered by the period of insurance were paid and closed. *Id.* ¶ 7. On or about September 9, 2008, AUI generated a profit sharing statement showing incurred losses as of August 31, 2008, and with just credits given, CMI allegedly owed AUI $262,981.83.[4] *Id.* ¶ 8.

AUI's Amended Complaint contains four counts: Breach of Contract (Count I), Unjust Enrichment (Count II), Quantum Meruit (Count III), and Account Annexed (Count IV). *Id.* ¶¶ 15–27.

---

[2] AUI filed the amended complaint "as a matter of course" on September 28, 2010, before CMI had filed a responsive pleading. FED. R. CIV. P. 15(a)(1)(B). Under Rule 15(a)(1)(B), AUI's amended complaint became the operative complaint. *Id.* As a consequence, CMI's motion to dismiss the original complaint technically became moot. CMI has raised the same legal issues in both motions.

[3] AUI's subsidiary, Applied Risk Services, Inc., is a Nebraska corporation with a principal place of business in Omaha. *Am. Compl.* ¶ 2.

[4] The original complaint alleged that AUI was owed $278,901.48. *Compl.* ¶ 8.

3

## C. CMI's Position

CMI contends that the Amended Complaint must be dismissed for two reasons: 1) AUI's cause of action arose outside the six year statute of limitations window; and 2) the alleged contract falls within the statute of frauds and there is no writing. *Def.'s Am. Mot.* at 2–6. Regarding the statute of limitations issue, CMI says that the Maine's six year statute of limitations period, 14 M.R.S. § 752, applies to AUI's cause of action, that the statute of limitations period began to run when the cause of action accrued, that the cause of action accrued at the time of the breach of contract, and that the purported agreement ended on May 2, 2003. *Id.* at 2–4. CMI asserts that even if AUI's allegation that the profit sharing component extended beyond the contract term, "the Amended Complaint and attached exhibits clearly demonstrate that [AUI] discovered CMI's refusal to pay the alleged profit sharing component more than six (6) years before it filed its Complaint." *Id.* at 3.

CMI's second point is that, even assuming AUI is correct about the existence of an agreement extending beyond the term of the contract, it is an agreement the performance of which necessarily takes place beyond a year from the date of execution, and it never signed a writing confirming the agreement. *Id.* at 5. Accordingly, CMI says the agreement is subject to dismissal under the statute of frauds, which provides that no action may be maintained on an agreement that is not to be performed within one year from its making unless the agreement "is in writing and signed by the party to be charged therewith." *Id.* (citing 33 M.R.S. § 51(5)).

### D. AUI's Response

In its response, AUI discusses the nature of the workers' compensation insurance agreement between AUI and CMI. *Pl.'s Am. Opp'n* at 1–2. AUI explains that its insurance proposal for CMI was "structured on a profit and risk-sharing component that identifies how the standard premium is calculated and provides the converted loss and expense factors used to calculate the final premium." *Id.* at 2. The contract establishes a minimum premium of 0.75 of the standard premium and a maximum of 1.25 of the standard premium. *Id.* The Proposal required that "[p]rofit sharing, if any, will be payable 18 months from inception, and adjusted annually thereafter until all claims have been paid and closed." *Id.* AUI says that CMI accepted the proposal and AUI issued insurance based on the proposal. *Id.*

AUI rejects CMI's assertion that the limitations period has run. It says that "[t]he contract terms expressly contemplated that payment on claims would extend beyond the actual policy dates." *Id.* at 4. Because the final claim for the policy period from March 8, 2002, until May 2, 2003, was not closed until the final claim was paid and closed in 2007, AUI concludes that its amended complaint was filed within the six year limitations period. *Id.* at 4–5.

AUI similarly rejects CMI's contention that the action is barred by the statute of frauds. AUI points out that its complaint alleges a written contract. Referring to exhibits attached to its complaint, AUI says that the insurance coverage proposal together with CMI's acceptance and AUI's issuance of the policy itself constitute writings that satisfy the statute of frauds. *Id.* at 6–7. In addition,

5

AUI argues that even if the Court cannot find the existence of a written contract, the parties' partial performance of the agreement "generates an exception to the requirement that the contract be in writing," thereby removing the contract from the statute of frauds by reason of the doctrine of partial performance. *Id.* at 6–8.

## II. DISCUSSION

### A. General Legal Standard

In ruling on a motion to dismiss, a court is required to "accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (quoting *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)). To survive a motion to dismiss, a plaintiff must allege "sufficient facts to show that he has a plausible entitlement to relief." *Id.* (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

### B. Statute of Limitations

Maine law establishes a six year statute of limitations period for most causes of action:

> All civil actions shall be commenced within 6 years after the cause of action accrues and not thereafter, except actions on a judgment or decree of any court of record of the United States, or of any state, or of a justice of the peace in this State, and except as otherwise specifically provided.

14 M.R.S. § 752; *Whitten v. Concord Gen. Mut. Ins. Co.*, 647 A.2d 808, 810 (Me. 1994) (stating that the applicable statute of limitations window in an action under the provisions of an uninsured motorist insurance policy is six years). The statute

of limitations clock begins to run "when the plaintiffs' cause of action accrued." *Whitten*, 647 A.2d at 810. "Because this case involves contract law, [the] cause of action accrued when the defendant[] allegedly breached [its] . . . insurance contract[]." *Id.* As the First Circuit has noted, the burden is especially rigorous on a party moving to dismiss a complaint based on an affirmative defense like the statute of limitations; the pleader's allegations must "leave no doubt that an asserted claim is time-barred." *Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010) (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998)).

Here, AUI alleges in its Amended Complaint that the terms of the contract contemplated an ongoing reassessment of CMI's loss experience and a periodic readjustment of the premium based on actual losses. It says that the final calculation of those losses could not be made until sometime in 2007, when the last workers' compensation claim from the policy period closed. *See Am. Compl.* Attach. 5 at 4 (*Claims History*) (reflecting that one claim during the policy period was closed on August 20, 2007). Based on the allegations in the Amended Complaint, which the Court must accept as true for purposes of the motion to dismiss, the Court concludes that AUI has alleged that the breach of the insurance agreement took place within six years of August 17, 2010. Accordingly, the Court concludes that AUI's Amended Complaint survives CMI's motion to dismiss on statute of limitations grounds.

### C. Statute of Frauds

Maine law provides the following:

7

> No action shall be maintained in any of the following cases:
>
> . . .
>
> **(5) Agreement not to be performed within one year**. Upon any agreement that is not to be performed within one year from the making thereof
>
> . . .
>
> unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charge therewith, or by some person thereunto lawfully authorized; but the consideration thereof need not be expressed therein, and may be proved otherwise.

33 M.R.S. § 51(5).

Although AUI contends that the insurance proposal, which CMI accepted, contains sufficient written documentation to comply with the statute of frauds, the actual written evidence is scanty. AUI attached eight documents to its Amended Complaint. The first document shows that on March 8, 2002, AUI faxed CMI a workers' compensation proposal for coverage in the state of Maine.[5] The second document is an affidavit from Robert L. Murch, CMI's President, who stated:

> Prior to the commencement of coverage Carl DeBarbrie of [AUI] provided CMI with a proposal illustrating how premiums were to be paid and calculated. CMI agreed to the premium and calculation method proposed by [AUI] . . . However, no written agreement was executed by the parties.

---

[5] Piecing together what happened during the procurement process is somewhat challenging on this record, but not essential. Again for purposes of this motion, the Court has shorthanded AUI for a number of other parties. CMI has not asserted that the difference between AUI and the other parties is significant. For a detailed description of the procurement process, *see Applied Underwriters, Inc. v. Combined Mgmt., Inc.*, No. 8:07cv206, 2007 U.S. Dist. LEXIS 52491, at *1–4 (D. Neb. Jul. 18, 2007).

8

*Am. Compl.* Attach. 2 ¶ 7. Third is a copy of the insurance binder, but it only confirms that AUI extended workers' compensation coverage to CMI, not the premium calculation method, which is at the heart of this case. *Am. Compl.* Attach. 3. Fourth is a cryptic letter dated March 4, 2004, from an AUI general manager to a person at the Barrow Group, LLC, enclosing a check payable to the Barrow Group in the amount of $12,665.41, and saying that the check is for commissions related to the workers' compensation insurance policy based on the premium earned for the period from March 29, 2002, to May 2, 2003. *Am. Compl.* Attach. 4. Fifth is a claims history for CMI. *Claims History.* Sixth is a Profit Sharing Statement that AUI sent to CMI for the period from March 29, 2002, to May 2, 2003. *Am. Compl.* Attach. 6 (*Profit Sharing Statement*). Seventh is a letter dated December 22, 2006, from Mr. Murch to Attorney Jeffrey A. Silver notifying AUI that CMI was disputing the amount of the premium claimed due. *Am. Compl.* Attach. 7 (*Murch Letter*). Finally, there is a faxed cover sheet dated March 25, 2003, from Mr. Murch to Gerry Macchello requesting a 60 day extension of coverage. *Am. Compl.* Attach. 8.

The documentation thus reveals that: 1) on March 8, 2002, AUI offered to provide CMI with workers' compensation coverage for the policy period from March 29, 2002, to March 29, 2003; 2) the AUI proposal included a profit and risk-sharing component; 3) on March 29, 2002, AUI issued an insurance binder to CMI; 4) AUI actually provided workers' compensation coverage to CMI during the period from March 29, 2002, to March 29, 2003, which was extended to May 2, 2003; 5) AUI paid workers' compensation claims on behalf of CMI for injuries to claimants during this

9

policy period; 6) AUI provided CMI with a profit sharing statement generally consistent with the AUI March 8, 2002, proposal; and 7) on December 22, 2006, CMI formally disputed the amount of the premium claimed due.

Even though the documentation—especially that signed by CMI—consists solely of a letter from Mr. Murch,[6] the Court is reminded that "[t]he purpose of the statute of frauds is to prevent actions based on false claims." *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶ 11, 956 A.2d 104, 108. The question is whether the existence of the contract is "evidenced by any writing, signed by or on behalf of the party to be charged, which . . . is sufficient to indicate that a contract with respect thereto has been made between the parties . . . ." *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 131 (1981)). The Maine Supreme Judicial Court has observed that "almost any writing is sufficient for statute of frauds purposes." *Brown Dev. Corp.*, 2008 ME 146, ¶ 12, 956 A.2d at 108. Furthermore, courts will consider a "series of writings" to determine whether they "collectively satisfy the requirements of the Statute of Frauds." *See Fitzpatrick v. Teleflex, Inc.*, 630 F. Supp. 2d 91, 102 (D. Me. 2009), *aff'd*, 630 F. Supp. 2d 91 (D. Me. 2009); *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 245 F. Supp. 2d 251, 261 (D. Me. 2003); *Wilson*, 634 A.2d at 1254.

Moreover, the First Circuit explained in *Blackstone Realty LLC v. Federal Deposit Insurance Corp.* that the standard for dismissal under Rule 12(b)(6) for an affirmative defense like statute of frauds is particularly onerous:

---

[6] AUI points to a fax from Mr. Murch to a man named Gerry Macchello as proof of the extension from March 29, 2003, to May 2, 2003, *Pls.' Am. Opp'n* at 2, but the document does not reveal who Mr. Macchello is and whether he is affiliated with AUI.

10

> It is well established that affirmative defenses, such as the failure of a contract sued upon to satisfy the statute of frauds, may be raised in a motion to dismiss an action for failure to state a claim. However, it is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings. Furthermore, review of the complaint, together with any other documents appropriately considered under [Federal Rule of Civil Procedure] 12(b)(6), must leave no doubt that the plaintiff's action is barred by the asserted defense.

244 F.3d 193, 197 (1st Cir. 2001) (citations and quotations omitted); *Forest City Chevrolet v. Waterford of Portland, LLC*, 180 F. Supp. 2d 234, 235 n.1 (D. Me. 2002).

Here, there is no real dispute between the parties that AUI provided workers' compensation insurance coverage to CMI and after the period of insurance was over, CMI did not dispute AUI's right to claim an additional premium and contested only "the amount of premium claimed due." *Murch Letter*. Based on the cumulative impact of the documents, the Court is not persuaded there is "no doubt" that the plaintiffs' cause of action is barred by the statute of frauds. *See Gorelik*, 605 F.3d at 121.

Finally, even if the statute of frauds requirements had not been satisfied, AUI's claim would still survive dismissal based on the partial performance exception. As the Maine Supreme Judicial Court explained,

> to remove the contract in question from the operation of the statute of frauds pursuant to [the partial performance] doctrine, the party seeking to enforce the contract must establish by clear and convincing evidence (1) that the parties did enter into a contract; (2) that the party seeking to enforce the contract partially performed the contract; and (3) that the performance was induced by the other party's misrepresentations, which may include acquiescence or silence.

*Sullivan v. Porter*, 2004 ME 134, ¶ 11, 861 A.2d 625, 630; *accord Wells Fargo Home Mortg., Inc. v. Spaulding*, 2007 ME 116, ¶ 23, 930 A.2d 1025, 1030.

In making this determination, the Court may consider not only the written documentation but also the other evidence the parties have submitted. *See Blackstone Realty LLC*, 244 F.3d at 197. Based on the allegations in the Amended Complaint and the written documentation, the Court concludes: 1) that CMI entered into an agreement with AUI in which AUI agreed to provide workers' compensation insurance to CMI for a specified period, 2) that AUI partially performed that contract by providing the insurance coverage, and 3) that AUI's provision of workers' compensation insurance to CMI was induced by CMI's acknowledgement that based on CMI's actual experience during the policy period, the parties would share in any additional profit or loss based on actual claims experienced. The first two conclusions are obvious on the record; the Court reaches the third conclusion by the fact that in Mr. Murch's December 22, 2006, letter, he did not dispute AUI's right to collect any additional premium but instead contested only "the amount of premium claimed due." *Murch Letter*.

Viewing the allegations in the Amended Complaint and the attached documents as true for purposes of this motion to dismiss, the Court concludes that AUI has survived CMI's motion to dismiss on statute of frauds grounds, both because there are documents sufficient to establish an agreement in writing signed by CMI and because AUI and CMI partially performed that contract.

## III. CONCLUSION

The Court DENIES Defendant Combined Management Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Docket # 14) and DISMISSES as moot Defendant Combined Management Inc.'s Motion to Dismiss (Docket # 5).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2011